

**FILED & ENTERED**

JUN 24 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum     DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:16-bk-12936-RK |
| SAMUEL RUBIN. | Chapter 7 |
| Debtor. | **ORDER ON CREDITOR'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTION TO DISCHARGE AND THE DISCHARGEABILITY OF SPECIFIC DEBTS** |

   Pending before the court is the motion of Creditor MyBusinessLoan.com ("Creditor") for an extension of time to file objection to Debtor's discharge and the dischargeability of specific debt ("Motion"). ECF 14, filed on June 10, 2016. Leslie R. Horowitz, of the law firm of Clark & Trevithick, represents Creditor. Yi Sun Kim, of the law firm of Greenberg & Bass LLP represents Debtor Samuel Rubin ("Debtor").

   The Motion seeks a 60-day extension of the deadline of June 10, 2016 to file a complaint to determine dischargeability of debt and/or for denial of discharge. With the Motion, Creditor filed a Notice of Motion for Order Without Hearing, requesting that the Motion be granted without hearing, invoking Local Bankruptcy Rule 9013-1(q) by so

1  checking a box on the form Notice of Motion for that rule.  ECF 15.  In response to the
2  Motion, Debtor filed a Notice of Opposition and Request for a Hearing arguing, among
3  other things, that Creditor's Motion is procedurally defective because it was improperly
4  noticed without a hearing.  ECF 18.  Debtor argues: "Movant's Notice and its Motion are
5  procedurally defective.  They were served pursuant to the incorrect Local Rule, and
6  contrary to the FRBP.  Notice of the Motion is defective, and the Motion must be denied.
7  Moreover, by waiting until the last minute to file that Motion, Movant has now deprived itself
8  of any further opportunity to file a renewed motion now that the deadline under the FRBP
9  has expired." *Id.* at 3.
10         Local Bankruptcy Rule 9013-1(q) permits certain motions identified therein to be
11 determined without a hearing and without additional notice, because the parties requiring
12 notice already receive notice through a Notice of Electronic Filing ("NEF").  Creditor's
13 Motion is not one of the specifically listed motions that may be determined without a
14 hearing pursuant to Local Bankruptcy Rule 9013-1(q), and thus, the Motion is subject to
15 the general rule of Local Bankruptcy Rule 9013-1(d) requiring motions to be noticed for
16 hearing before they may be granted.
17         Motions to extend time to file complaints to determine debt dischargeability and to
18 deny discharge are governed by Rules 4004(b)(1) and 4007(c) of the Federal Rules of
19 Bankruptcy Procedure ("FRBP") (with exceptions not applicable here since the Motion was
20 filed before the deadline), which provides that such motions to extend must be filed by the
21 expiration of the time period to file such complaints.  Thus, the court agrees with Debtor to
22 the extent that he argues that the Motion is procedurally defective since it has not been
23 properly noticed in accordance with Local Bankruptcy Rule 9013-1(d).  Creditor cannot
24 properly request that the court grant the Motion without a hearing pursuant to Local
25 Bankruptcy Rule 9013-1(q) and must notice the Motion for hearing pursuant to Local
26 Bankruptcy Rule 9013-1(d).  The court could deny the Motion on procedural grounds for
27 lack of compliance of the Local Bankruptcy Rules without prejudice, but this would have
28 the effect of denying it with prejudice because a renewed motion would be subject to

probable denial for being filed after the deadline pursuant to FRBP 4004(a) and (b)(1) and 4007(c).  However, mindful of the admonition of FRBP 1001 that the FRBP "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding," with the emphasis on the word "just" here in light of the general judicial preference to determine matters on the merits rather than on strictly procedural grounds, the court exercises its discretion to address the procedural defect of the Motion not being properly noticed for hearing by ordering and giving Creditor an opportunity to cure the procedural defect of notice of the timely filed Motion by noticing it properly for hearing pursuant to Local Bankruptcy Rule 9013-1(d), and not simply deny the Motion simply on these procedural grounds.  The court will address and reach the merits of the Motion and the arguments in Debtor's opposition at the hearing on the Motion when properly noticed by Creditor if it is still pressing the Motion.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The court finds that the Motion cannot be granted at this time in light of Creditor's failure to comply with Local Bankruptcy Rule 9013-1(d) requiring notice of hearing for the Motion since it is not excepted from this requirement under Local Bankruptcy Rule 9013-1(q).
2. Creditor is granted leave to file a notice of motion for the Motion setting it for hearing on the court's law and motion calendar, which notice of motion must be filed and served within 14 days of entry of this order.  If a notice of motion is not filed within 14 days of entry of this order, the Motion will be denied without prejudice.

///

///

///

3

3. The notice of motion for the Motion should be for regular notice of hearing (i.e., 21 days) under Local Bankruptcy Rule 9013-1(d), but Creditor may invoke the shortened notice provisions of Local Bankruptcy Rule 9075-1, if the circumstances warrant it.

**IT IS SO ORDERED.**

###

Date: June 24, 2016

_____
Robert Kwan
United States Bankruptcy Judge