Matthew J. Eandi (SBN 279734)
meandi@eandilawgroup.com
**EANDI LAW GROUP APC**
633 West Fifth Street, 26th Floor
Los Angeles, California 90071
Telephone (310) 860-6951
Facsimile (866) 608-6487

Attorneys for Creditor
MyBusinessLoan.com, LLC d/b/a Dealstruck,



FILED & ENTERED

AUG 22 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

**NOT FOR PUBLICATION**

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO. 2:16-bk-12936-RK |
| SAMUEL RUBIN, | Chapter 7 |
| Debtor. | **ORDER GRANTING CREDITOR'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTION TO DEBTOR'S DISCHARGE AND THE DISCHARGEABILITY OF SPECIFIC DEBT** |
| | Date: August 9, 2016<br>Time: 2:30 p.m.<br>Ctrm: 1675 |

On August 9, 2016, the above-entitled case came on for hearing upon Creditor MyBusinessLoan.com, LLC d/b/a Dealstruck, Inc.'s ("Creditor") Motion for Extension of Time to File Objection to Discharge and the Dischargeability of Specific Debts ("Motion") [DE 14], and Creditor's Notice of Motion [DE 25]. Appearances by counsel were made for the Creditor and Debtor Samuel Rubin ("Debtor") as reflected on the record.

The Court having reviewed and considered Creditor's Motion, the Notice of Motion, any opposition and reply thereto, argument at the time of the hearing and,

being fully advised in the matter and for the reasons stated on the record and its tentative ruling posted for the hearing on August 9, 2016, **GRANTS** Creditor's Motion, finding and concluding as follows:

## FINDINGS OF FACT

On March 8, 2016, the debtor Samuel Rubin (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. [DE 1] Creditor was scheduled as a general unsecured creditor with an undisputed debt of $127,885.02 on the Debtor's Schedule F. [Id., Sch. F]

The initial meeting of creditors under 11 U.S.C. § 341(a) was noticed for April 11, 2016. [DE 6] On April 21, 2016, the Chapter 7 Trustee, filed a Notice of Continued § 341(a) Meeting of Creditors, continuing the 341 meeting of creditors to May 3, 2016. [DE 8] On May 4, 2016, the Trustee filed an additional Notice of Continued § 341(a) Meeting of Creditors, continuing the § 341(a) meeting to May 26, 2016. [DE 10] The Trustee subsequently filed a report of no distribution on May 31, 2016.

The deadline to object to Debtor's discharge under 11 U.S.C. § 727 and to object to the dischargeability of specific debts under § 523 fell on June 10, 2016. Creditor timely filed its Motion on the date of the deadline. [DE 14] Debtor filed an opposition to the Motion on June 14, 2016 ("Opposition"). [DE 18] On June 24, 2016, this Court entered its "Order on Creditor's Motion for Extension of Time to File Objection to Discharge and the Dischargeability of Specific Debts." [DE 19] For the reasons stated in the Court's Order of June 24, 2016, Creditor was ordered to notice the Motion for hearing within 14 days of entry of that order. On July 8, 2016, Creditor timely filed its Notice of Motion, setting the Motion for hearing on August 9, 2016 at 2:30 p.m. [DE 25] Creditor subsequently filed a timely reply in support of the Motion ("Reply"). [DE 36]

In granting the Motion, the Court finds that Creditor waited for the Chapter

Trustee to conduct the meeting of creditors under 11 U.S.C. § 341(a) to determine whether the Trustee would administer the case as an asset case and/or pursue objections to Debtor's discharge or object to the dischargeability of certain debts. The § 341(a) meeting was initially scheduled for April 11, 2016, continued to May 3, 2016 and once again continued to May 26, 2016. Finally, the Trustee filed a report of no distribution on May 31, 2016.

In support of its Motion, Creditor has submitted the Declarations of Deborah B. Baker-Egozi and Matthew J. Eandi stating that Creditor has been represented by out of state general counsel in this case and that Creditor waited until the Trustee filed its report of no distribution on May 31, 2016 before acting to retain local counsel. Once Creditor became aware of the Trustee's report, it retained local counsel and filed the Motion on June 10, 2016, the last day of the deadline. Creditor then proceeded to file a Motion to examine Debtor pursuant to *FRBP* 2004, which was granted by this Court and set to commence on September 22, 2016.

## CONCLUSIONS OF LAW

*a) Creditor's Motion is Timely Pursuant to FRBP 4004(a) and 4007(c)*

In relevant part, under Federal Rule of Bankruptcy Procedure ("*FRBP*") 4004(a), an objection to the debtor's discharge must be filed "no later than 60 days after the first date set for the meeting of creditors under [Section] 341." Similarly, under *FRBP* 4007(c), a complaint to determine dischargeability of a debt under Section 523(c) of the Bankruptcy Code, 11 U.S.C. ("Bankruptcy Code"), must also "be filed no later than 60 days after the first date set for the meeting of creditors under [Section] 341." The court may extend the deadlines on motion for cause shown. *See FRBP* 4004(b) and 4007(c).

The Court concludes that Creditor's Motion is timely under *FRBP* 4004(a)

and 4007(c), having been filed on June 10, 2016, which was the final day of the deadline to file a complaint objecting to discharge or a motion for extension of time to file a complaint objecting to Debtor's discharge.

    b) *<u>Creditor has shown sufficient cause to grant an extension of time to file an adversary complaint objecting to the discharge of Debtor or the dischargeability of specific debts pursuant to 11 U.S.C. §§ 727 and 523, respectively.</u>*

As noted above, the Court may extend the deadlines to file a complaint objecting to the debtor's discharge under Section 727 of the Bankruptcy Code or determine the dischargebility of a debt under Section 523(c) of the Bankruptcy Code on motion for cause shown. *See FRBP* 4004(b) and 4007(c). "At a minimum, 'cause' means excusable neglect" as recognized in <u>Willms v. Sanderson</u>, 723 F.3d 1094, 1103 (9th Cir. 2013).

The Court determines that Creditor has satisfied the applicable standard for cause applying the more liberal "excusable neglect" standard recognized in <u>Willms v. Sanderson</u> in waiting for the Chapter 7 trustee to conduct the meeting of creditors under 11 U.S.C. § 341(a) and determine whether the case would be administered as an asset case or pursue objections to discharge or not. Additionally, the Creditor was represented by out of state general counsel and once the Trustee issued a report of zero distribution, the Creditor retained local counsel to seek an extension of time to object to discharge. The Creditor has made a showing that it is diligently pursuing its investigation by scheduling a *FRBP* 2004 examination of Debtor, which is set to commence on September 22, 2016.

For the reasons set forth herein and good cause having been shown for extending the deadline to file a complaint objecting to Debtor's discharge under Section 727 and for a determination of non-dischargeability of debt under Section 523(c), IT IS HEREBY ORDERED that:

1. The Motion is GRANTED;

1  //
2  //
3   2. Creditor's time within which to file an adversary complaint objecting to the discharge of Debtor or the dischargeability of specific debts pursuant to 11 U.S.C. §§ 727 and 523, respectively, is extended to no later than October 24, 2016.

IT IS SO ORDERED.

#    #    #

Date: August 22, 2016

_____
Robert Kwan
United States Bankruptcy Judge